FILED
United States Court of Appeals
Tenth Circuit

August 13, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| SHERWOOD BROWN and LA CHRIS MARLENE BROWN, | |
| Plaintiffs-Appellants, | No. 09-6035 |
| v. | Western District of Oklahoma |
| UNITED STATES OF AMERICA, ex. rel. Bureau of Indian Affairs, | (D.C. No. 5:07-CV-01223-M) |
| Defendant-Appellee. | |

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

On November 2, 2007, appellants Sherwood Brown and his daughter La

Chris Brown commenced this pro se action against the United States government

and the Bureau of Indian Affairs. In addition to pages of rambling discourse, the

complaint contains conclusory allegations of racial discrimination and asks for

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

$250,000 in damages. The district court dismissed the complaint because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure. We affirm.

As clearly as we can determine from the record, before Ms. Brown was sentenced for a drug conviction, her attorney recommended that she enter a treatment program in hopes of persuading the judge that treatment was an appropriate alternative to prison. Chi Hullo Lio, a drug and alcohol rehabilitation program administered by the Choctaw Nation, provisionally accepted Ms. Brown's application but refused to admit her when she did not present or possess a Certificate of Degree of Indian or Alaska Native Blood. Ms. Brown felt racially discriminated against. Because she was not already enrolled in a treatment program, she proceeded to sentencing in the ordinary course.

Rule 8 requires that the parties file "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading also must be specific enough to "give the defendants notice of the theory under which their claim is made." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). In this case, no discernible claim is apparent from the complaint, and it does not give fair notice to the defendants regarding the grounds upon which the plaintiffs' claims rest. We agree with the district court that the complaint fails to meet the "short and plain" requirements of Rule 8(a).

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge